## GEORGE M. NICHOLS *v.* THOMAS S. MORGAN.

An accommodation acceptor, to maintain his action against the drawer, must prove his acceptance of the bill and its payment.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *M. M. Cohen,* for plaintiff.  *Finney,* for defendant and appellant.

SLIDELL, C. J.   This is an action by the drawee of a bill of exchange against the drawer.   The petition alleges that the bill was drawn upon a shipment of coffee consigned to plaintiff, which was destroyed by fire, without any fault on plaintiff's part, and that he was thus left without means to reimburse himself for a sum of $795 63, which he paid the payee.   He alleges that he became bound to the payee by an implied acceptance in retaining the bill when presented to him.

The evidence has not satisfied us, that the plaintiff should recover.   An accommodation acceptor, to maintain his action against the drawer, must prove his acceptance of the bill and its payment.   Plaintiff does not pretend there was an express acceptance; and the evidence of an implied acceptance is quite loose, and under the circumstances inconsistent with probability.   A single witness, his clerk, says, that on the plaintiff's arrival at Shreveport, he handed him the bill, which had been sent up (to whom or how he does not say), and there explanation ceases as to the fate of the bill until some months afterwards, when a settlement, says another witness, was made between *Nichols* and *Lathrop,* the payee.   But at the time when it was handed by his clerk to *Nichols,* the unsold portion of the coffee had been already consumed by fire, and the inducement to accept gone.   We are inclined to think that *Lathrop,* the payee, did not intend to look to *Nichols,* his brother-in-law, as acceptor, but probably regarded him as an agent to receive the shipment, on which *Lathrop* had advanced, and on which the bill was predicated, and apply its proceeds to the payment of the bill.   The circumstance that the bill was specially endorsed to *Nichols* by *Lathrop,* strongly supports this hypothesis.

Again: the evidence as to payment is loose and unsatisfactory, and so far as it goes, discloses a state of facts out of the usual course of mercantile dealing.

Although about half the amount of the bill is said by the witness to have been paid by *Lathrop's* carrying to its credit a cash balance he held in deposit belonging to *Morgan*, yet several weeks after this payment he is said to have taken the drawee's note for the whole amount of the bill. It is proper also to add, that the plaintiff has not proved the rendition of any account to the defendant of the consignment, a portion of which was saved, nor does it appear that the defendant would have been liable to *Lathrop* on the bill, no notice of dishonor having been shown.

On the whole, we are by no means satisfied as to the plaintiff's right to recover, as an accommodation acceptor, in which character he sues.

Judgment reversed, and judgment for defendant, with costs in both courts.